NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 17 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSEPHINE GUION, | No. 20-35378 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-00186-DCN |
| v. | |
| BONNER HOMELESS TRANSITIONS; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, District Judge, Presiding

Submitted November 8, 2021[**]

Before:     CANBY, TASHIMA, and MILLER, Circuit Judges.

Josephine Guion appeals pro se from the district court's summary judgment

in her action alleging discrimination and retaliation under the Fair Housing Act

("FHA") and state law tort claims.  We have jurisdiction under 28 U.S.C. § 1291.

We review de novo the district court's decision on cross-motions for summary

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

judgment. *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011). We affirm.

The district court properly granted summary judgment for defendants on Guion's FHA claims because Guion failed to raise a genuine dispute of material fact as to whether defendants' actions were discriminatory. *See Walker v. City of Lakewood*, 272 F.3d 1114, 1122 (9th Cir. 2001) (elements of a retaliation claim under the FHA); *Harris v. Itzhaki*, 183 F.3d 1043, 1051 (9th Cir. 1999) (elements of a disparate treatment claim); *Pfaff v. U.S. Dep't of Hous. & Urban Dev.*, 88 F.3d 739, 745 (9th Cir. 1996) (elements of a disparate impact claim).

The district court properly granted summary judgment for defendants on Guion's state law fraud claim because Guion failed to raise a genuine dispute of material fact as to whether the statements made by defendants were false. *See Faw v. Greenwood*, 613 P.2d 1338, 1340 (Idaho 1980) (elements of a fraud claim).

The district court properly granted summary judgment for defendants on Guion's state law defamation and intentional infliction of emotional distress ("IIED") claims because these claims are time-barred and Guion failed to show extraordinary circumstances beyond her control that justified equitable tolling. *See* Idaho Code § 5-219(4)-(5) (statute of limitations for defamation and IIED claims is two years); *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999) (explaining that equitable tolling is warranted "when extraordinary circumstances beyond the

plaintiff's control made it impossible to file a claim on time").

We reject as without merit Guion's contentions that the district court judge was biased against her and that she was denied due process.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**